IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 16-028-M-DLC |
| Plaintiff/Respondent, | CV 19-170-M-DLC |
| vs. | ORDER DENYING § 2255 MOTION |
| NICK WEST, | AND DENYING CERTIFICATE |
| | OF APPEALABILITY |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Nick West's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. West is a federal prisoner proceeding pro se.

West has presented clear and well-reasoned pleadings and responses to the Court's Orders. Even so, the Court has considered whether to appoint counsel to represent him. But his claims do not require investigation of facts or development of the record. They depend on legal analysis that is clearly established. Counsel need not be appointed. *See* 18 U.S.C. § 3006A(a)(2).

In reviewing West's motion, the Court has consulted the reporter's rough transcript of the change of plea hearing. The United States will be required to

1

order the transcript for filing in the record of the case as well as a copy to be delivered to West.  *See* 28 U.S.C. § 753(f).

## I. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review."  *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases).  But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Pursuant to a plea agreement, West pled guilty to three counts of an indictment, and the United States dismissed eight counts.  For purposes of the § 2255 motion, four counts, 1, 2, 3, and 9, are relevant.  West challenges his conviction and sentence under Count 9, for brandishing a firearm.  The legal

2

analysis of his motion also depends on his guilty pleas to Counts 1 and 3,

conspiracy to commit Hobbs Act robbery and carjacking.  And Count 2, which

charged West with Hobbs Act robbery, is also relevant, even though the United

States dismissed that count under the plea agreement.

### A.  Proceedings in the Criminal Case

On June 21, 2016, a grand jury charged West with one count of conspiracy

to commit robbery affecting commerce, a violation of 18 U.S.C. § 1951(a) (Count

1); one count of robbery affecting commerce, a violation of 18 U.S.C. § 1951(a)

(Count 2); one count of carjacking, a violation in 18 U.S.C. § 2119 (Count 3); five

counts of kidnapping, a violation of 18 U.S.C. § 1201(a)(1) (Counts 4, 5, 6, 7, and

8); one count of brandishing a firearm in furtherance of a crime of violence, a

violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 9); one count of discharging a

firearm in furtherance of a crime of violence, a violation of 18 U.S.C. §

924(c)(1)(A)(iii) (Count 10); and one count of being a felon in possession of a

firearm, a violation of 18 U.S.C. § 922(g)(1) (Count 12).  Thomas Dempsey,

Carissa Kopp, and Hannah Parker were charged in the same indictment with

conspiracy and most of the other offenses.  The United States pled aiding and

abetting, *see* 18 U.S.C. § 2, and a *Pinkerton* theory[1] as to each of Counts 2 through

---

[1]  The theory holds that a defendant is fully responsible for reasonably foreseeable substantive offenses committed by co-conspirators in furtherance of the conspiracy.  *See Pinkerton v. United States*, 328 U.S. 640, 645, 647–48 (1946).  So, for instance, if A and B

10.  *See* Indictment (Doc. 9) at 1–10.

On October 18, 2016, West and the United States filed a plea agreement. West agreed to plead guilty to Counts 1, 3, and 9, that is, conspiracy to commit robbery, carjacking, and brandishing a firearm.  Count 9 is the one at issue here.

The United States agreed to dismiss Counts 2, 4–8, 10, and 12.  The parties agreed that a sentence of 180 months in prison was appropriate, and West withdrew his right to appeal the sentence.  The parties also agreed that, if the Court rejected the plea agreement, West could withdraw his guilty plea and proceed to trial.  *See* Plea Agreement (Doc. 76) at 2–3 ¶ 3, 7 ¶ 6, 7–8 ¶ 8.  West pled guilty in open court on November 3, 2016.  *See* Minutes (Doc. 96).

At sentencing, the Court accepted the plea agreement and sentenced West to serve 96 months on Counts 1 and 3, concurrently, and 84 months on Count 9, consecutive to Counts 1 and 3, for the agreed total sentence of 180 months in prison, followed by a five-year term of supervised release.  Judgment was entered on February 9, 2017.  *See* Minutes (Doc. 137); Judgment (Doc. 140) at 2–3.

West did not appeal.  His conviction became final on February 23, 2017. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

---

conspire to commit a bank robbery, and in the getaway, A forces a driver out of a car at gunpoint, B is liable for the carjacking at gunpoint, provided a jury found A's use of a gun and need to get away were reasonably foreseeable to B.

### B.  Collateral Review

On September 13, 2019, West moved for the appointment of new counsel to represent him in addressing new issues arising from *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (2019), and *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).  *See* Mot. for Counsel (Doc. 153) at 1.  The Court explained it could not appoint counsel unless West filed a motion under 28 U.S.C. § 2255, *see* Order (Doc. 154) at 1, and gave him an opportunity either to withdraw his motion for counsel or file a § 2255 motion with all the claims he would want the Court to consider, *see id*. at 1–2; *Castro v. United States*, 540 U.S. 375, 377 (2003).  West responded by filing a motion under 28 U.S.C. § 2255 (Doc. 155).

On December 30, 2019, West filed a supplement.  He explained that he wanted to "correct the fraction of plea agreement . . . that was ruled unconstitutional by the US Supreme Court" but was "not interested in vacating or setting aside the convictions, not even re-sentencing."  If correction of the plea agreement is not available, he said, "I am left to request to cease to p[u]rsue remedy under the new 924(c) Supreme Court ruling."  Supplement (Doc. 158) at 2.

On January 2, 2020, the Court issued an order (Doc. 159) explaining that West's claim in his § 2255 motion was procedurally defaulted and giving him an opportunity to show cause to excuse his default.

West responded on January 31, 2020.  Among other things, he contended

that he was deprived of a fair trial or plea agreement "which would have changed the outcome of any pleas or convictions, which means the proceedings would have been ultimately different." Resp. to Order (Doc. 160) at 2.

Reading West's supplement (Doc. 158) together with his response (Doc. 160) to the procedural default order created some confusion for the Court. Another order explained that West was not entitled to "proceed with the § 2255 motion if" or "withdraw the § 2255 motion unless." West was required either to state that he wanted to proceed with his § 2255 motion or that he wanted to withdraw his § 2255 motion. *See* Order (Doc. 162) at 2–3.

On May 22, 2020, West stated that he wishes to proceed with his § 2255 motion. *See* Resp. to Order (Doc. 163) at 1.

### III.  Claims and Analysis

West asserts that his trial counsel was ineffective because he failed to realize that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. He also contends that his conviction under Count 9 of the indictment rested on § 924(c)(3)(B) and so is unconstitutional.

### A.  Claim One:  Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, West must allege facts sufficient to support an inference (1) that counsel's performance fell

6

below an objective standard of reasonableness, *id.* at 687–88, and (2) that there is

"a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different," *id.* at 694.  "[T]here is no reason . . . to

address both components of the inquiry if the defendant makes an insufficient

showing on one."  *Id.* at 697.

A *Strickland* claim must be viewed from counsel's perspective at the time he

was representing the client.  *See id.* at 689.  This requires some reconstruction of

past events—in this case, past legal events.

The following discussion refers to three Supreme Court decisions

interpreting three different statutes, all in Title 18 of the United States Code:  18

U.S.C. § 924(*e*), § 16(b), and § 924(*c*).[2]  In 2015, in a case called *Johnson*, the

Supreme Court held part of § 924(e) unconstitutionally vague.  In 2018, in a case

called *Dimaya*, the Court held § 16(b) was also unconstitutionally vague, even

though § 16(b)'s language is not identical to § 924(e)'s.  And in 2019, in *Davis*, it

held part of § 924(c) was unconstitutionally vague.  Section 924(c)'s language is

---

[2]  *See Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) (invalidating part of 18 U.S.C. § 924(e)(2)(B)(ii) ("any crime . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another")); *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204 (2018) (invalidating 18 U.S.C. § 16(b) ("any other offense . . . that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense")); and *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (2019) (invalidating 18 U.S.C. § 924(c)(3)(B) ("an offense . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense").

7

more like that of § 16(b) than § 924(e), but all three are very similar.

As explained, West pled guilty to Counts 1, 3, and 9.  Count 9 is a charge under § 924(c).  He argues that counsel should have known § 924(c) was bound to fall under the same declaration of unconstitutional vagueness as § 924(e).  He explains that, before he was sentenced in February 2017:

> I conveyed to my attorney several times . . . that the United States Supreme Court was about to hear Davis v. United States, 588 U.S. __, 139 S. Ct. 2319, 2336, 204 L.Ed.2d 757 (2019); and I specifically demanded [he] move this court to hold its decision in abeyance pending the resolution by the U.S. Supreme Court that 18 U.S.C. § 924(c) was unconstitutionally vague.

West was remarkably prescient, because *Davis*'s road to decision by the Supreme Court was a long one.  On January 31, 2017, about ten days before West's sentencing, the Fifth Circuit rejected Davis's claim that § 924(c) was unconstitutionally vague.  *See United States v. Davis*, 677 Fed. Appx. 933 (5th Cir. Jan. 31, 2017) (per curiam).  Two months after West was sentenced, Davis and his co-defendant, Glover, filed a petition for writ of *certiorari*.  *See Glover v. United States*, No. 16-8777 (U.S. pet. for cert. filed Apr. 14, 2017).  On May 14, 2018—more than a year after the *cert*. petition was filed—the Supreme Court granted the petition, vacated the Fifth Circuit's decision, and remanded the case for reconsideration in light of the Court's 2018 decision about § 16(b) in *Dimaya*.  *See Glover v. United States*, No. 16-8777 (U.S. May 14, 2018).  Then, on reconsideration, the Fifth Circuit ruled in Davis's favor and held that § 924(c) was

8

unconstitutionally vague.  *See Davis*, 903 F.3d 483, 485–86 (5th Cir. Sept. 7, 2018) (per curiam).  That prompted the United States to petition for *certiorari.  See United States v. Davis*, No. 18-431 (U.S. pet. for cert. filed Oct. 3, 2018).  The Supreme Court granted the petition on January 4, 2019, and heard oral argument on April 17, 2019.  On June 24, 2019, the Supreme Court affirmed the Fifth Circuit's second decision and held part of § 924(c) unconstitutional.  This was more than 28 months after West's sentencing.

On February 9, 2017, the day West was sentenced, *Davis* was merely one out-of-circuit decision holding that § 924(c) was different enough from § 924(e) to support a different interpretation, so that the Supreme Court's 2015 decision in *Johnson* did not apply to § 924(c).  When West was sentenced, the Fifth Circuit's decision in *Davis* weighed *against* West.  Had West's counsel asked this Court to await a ruling from the Supreme Court in *Davis*—before the defendants in the case had even filed a petition for *certiorari*—his motion certainly would have been denied.  And counsel cannot be ineffective for failing to make a meritless motion. *See Juan H. v. Allen*, 408 F.3d 1262, 1273–74 (9th Cir. 2005).

A slightly stronger argument might be based on *Dimaya*.  It was argued in the Supreme Court a few weeks *before* West's sentencing.  This Court very likely would not have continued West's sentencing in light of the oral argument in *Dimaya*.  But even if it had, that continuance would have come to an abrupt end on

9

June 26, 2017, when the Supreme Court adjourned without reaching a decision in the case. West certainly would have been sentenced sometime in the summer of 2017, long before April 17, 2018, when the Supreme Court finally issued a decision in *Dimaya*, and he would be in no different position today.

All charges under § 924(c) have to depend on some other charge or offense. In West's case, his guilty plea to § 924(c), Count 9, depended on his guilty plea to conspiracy to commit a Hobbs Act robbery, Count 1. And throughout this entire time period, from *Johnson* in 2015 through the ups and downs to and from the Supreme Court in *Dimaya* and *Davis*, controlling Ninth Circuit authority held that conspiracy to commit a Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c). *See United States v. Mendez*, 992 F.2d 1488 (9th Cir. 1993). That decision has been criticized by a Ninth Circuit panel. *See United States v. Chandler*, 743 F.3d 648, 657–62 (9th Cir. 2014) (Bybee, J., concurring for the entire panel). Before *Davis*, district courts, including more than one jurist in this District, have found the holding of *Mendez*—that *conspiracy* to commit a Hobbs Act robbery is a crime of violence under § 924(c)(3)(B)—is "clearly irreconcilable" with *Descamps v. United States*, 570 U.S. 254 (2013), *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), *Johnson*, and *Dimaya*. *See Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc) (describing circumstances in which published decision loses precedential force).

10

But, at least up until the day before the Court issues this opinion, the Ninth Circuit has not overruled any part of *Mendez*. *See, e.g.*, *United States v. Dominguez*, 954 F.3d 1251, 1262 & n.7 (9th Cir. Apr. 7, 2020) (declining to reach issue of whether conspiracy to commit Hobbs Act robbery is a "crime of violence"); *id.* at 1263–65 (Nguyen, J., dissenting and arguing that neither attempted Hobbs Act robbery nor conspiracy are crimes of violence); *United States v. Martin*, __ Fed. Appx. __, 2020 WL 4436271 (9th Cir. Aug. 3, 2020) (citing *Dominguez* and *Mendez*).

West's attorney failed to see into the future, but he was in good company. Many attorneys and many federal appellate court judges did not believe in February 2017 that the Supreme Court's 2015 ruling in *Johnson* concerning § 924(e) would mean that § 16(b) and § 924(c) would fall as well. Other decisions were just as possible. *See, e.g.*, *Dimaya*, 138 S. Ct. at 1234 ("[Section 16(b) does not give rise to the concerns that drove the Court's decision in *Johnson*[.]") (Roberts, Ch. J., dissenting); *id.* at 1242 ("[I]f the Court thinks that § 16(b) is unconstitutionally vague because of the 'categorical approach' . . . then the Court should abandon that approach—not insist on reading it into statutes and then strike them down.") (Thomas, J., dissenting). And even if West and his lawyer laid a hand on *Johnson* and foresaw *Dimaya* and *Davis* lined out into the horizon, falling like Stonehenge dominoes, they could not have delayed West's sentencing long

11

enough for the rest of the legal world to come around to seeing it too.

West's claim of ineffective assistance of counsel cannot meet either prong of the *Strickland* test.  It is denied.

### B.  Claim Two:  Vagueness

West contends that his conviction on Count 9 is infirm because the Supreme Court has held unconstitutionally vague the portion of § 924(c)(3)(B) that supported his conviction.  *See* Mot. § 2255 at 5 ("Ground Two").  Despite the holding of *Mendez*, the Court will assume that conspiracy to commit a Hobbs Act robbery is *not* a "crime of violence," so that West did indeed plead guilty to an offense that is no longer an offense.  But that is not the end of the matter.

West asserts that if a defendant pleads guilty to an offense, and, with later insight, that offense turns out to be unconstitutionally vague, then the defendant's conviction should be vacated.  So far as this statement goes, the Court agrees.

But West was charged with eleven separate crimes and pled guilty to three. Plea agreements address guilt and innocence, but a plea agreement leading to dismissal of some charges does not necessarily mean the defendant was innocent of those charges.  If a defendant does not plead guilty to, say, Count 2, that might or might not mean the United States would be unable to prove him guilty of Count 2 at trial.

The rule for West's current situation takes this fact of legal life into account.

12

A defendant who can show he pled guilty to an offense that is unconstitutional is entitled to have his plea and conviction vacated *if* he can show he is *also* innocent of other serious charges the United States agreed to dismiss as part of a plea agreement. *See Bousley v. United States*, 523 U.S. 614, 624 (1998); Order (Doc. 159) at 3 ¶ 2. This rule protects defendants who probably would not have been convicted at trial on the charges the United States dismissed. It also avoids giving a windfall to defendants who probably would have been convicted on those charges.

West's guilty plea made it clear that he participated in a robbery, a carjacking, and the kidnapping of several people. When West pled guilty to conspiracy to commit robbery (Count 1), he admitted all the elements of robbery (Count 2), *see* Plea Agreement (Doc. 76) at 4 ¶ 4, and he also pled guilty to carjacking (Count 3), *see id.* Both robbery and carjacking are crimes of violence under the still-valid portion of § 924(c), 18 U.S.C. § 924(c)(3)(A), which was not touched by *Davis*. *See, e.g.*, *Dominguez*, 954 F.3d at 1259–61 (Hobbs Act robbery); *United States v. Gutierrez*, 876 F.3d 1254, 1256–57 (9th Cir. 2017) (per curiam) (carjacking). And the Indictment charged the § 924(c) crime in Count 9 based on both Count 1 and Count 2. *See* Indictment (Doc. 9) at 7. West cannot meet the special requirement of *Bousley* that he show actual innocence not just on Count 9 but on the dismissed charges as well.

13

There is no need to consider West's argument[3] that counsel was ineffective for advising him to waive direct appeal and postconviction remedies. *See* Resp. to Order (Doc. 160) at 1–2; *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). West suffered no prejudice from his guilty plea to Count 9, because his plea could have been predicated on Count 2 rather than Count 1, and his guilty plea to Count 1 included admission of all the elements of Count 2. Relief is unwarranted, not because of his waiver in the plea agreement, but because of the law governing defendants who are not innocent of charges dismissed pursuant to a plea agreement.

If West had conspired to commit a Hobbs Act robbery, without actually committing one, the outcome here might be different. But it is clear he both committed and acknowledged committing a Hobbs Act robbery as well as carjacking, and both are crimes of violence under 18 U.S.C. § 924(c)(3)(A). The Court is confident that West's guilty plea to Count 9 was voluntary, knowing, and intelligent, notwithstanding the later legal developments that undermined a portion of the statute underlying Count 9. The law does not provide a legal path forward to vacation of West's conviction on Count 9.

---

[3] West also contends that *Davis* announced a new rule of law that was not available on direct appeal. *Davis* is probably *not* a "new rule" but probably *is* retroactively applicable. Even so, West would still have to show that he is actually innocent of the dismissed charges. *Davis* simply does not mandate relief.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

West's claim of ineffective assistance of counsel lacks merit. In February 2017, when West's case in this Court concluded, many reasonable jurists did not believe the Supreme Court's decision invalidating part of 18 U.S.C. § 924(e)(2)(B)(ii) would lead to invalidation of 18 U.S.C. §§ 16(b) and 924(c)(3)(B) as well.

West's claim that his conviction on Count 9 rests on an unconstitutional statute may technically be correct, but the claim is procedurally defaulted and barred. Even if *conspiracy* to commit Hobbs Act robbery is not a crime of violence, West was also charged with Hobbs Act *robbery*. His guilty plea to conspiracy included all the elements of Hobbs Act robbery, and West also pled

15

guilty to carjacking. Both Hobbs Act robbery and carjacking are crimes of violence under 18 U.S.C. § 924(c)(3)(A). *See United States v. Dominguez*, 954 F.3d 1251, 1259–61 (9th Cir. 2020); *United States v. Gutierrez*, 876 F.3d 1254, 1256–57 (9th Cir. 2017) (per curiam). And § 924(c)(3)(A) was not affected by the Supreme Court's decision in *Davis v. United States*, __ U.S. __, 139 S. Ct. 2319 (2019). For these reasons, even if West had cause to excuse his default, he cannot show prejudice, and he cannot show actual innocence either. *See Bousley v. United States*, 523 U.S. 614, 624 (1998).

Accordingly, IT IS HEREBY ORDERED:

1.  Pursuant to 28 U.S.C. § 753(f), the Court **CERTIFIES** that the transcript of the change of plea hearing, held November 3, 2016, is needed to decide the issues West presents.

2.  The United States shall immediately order the transcript of that hearing for the Court's file and shall deliver a copy to Nick West, BOP # 16321-046, FMC Devens, Federal Medical Center, P.O. Box 879, Ayer, MA 01432.

3.  West's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 155) is **DENIED** as to Claim 1 and, as to Claim 2, **DISMISSED WITH PREJUDICE** as procedurally defaulted without excuse.

4.  A certificate of appealability is **DENIED** on all issues. The clerk shall immediately process the appeal if West files a Notice of Appeal.

16

5.  The clerk shall ensure that all pending motions in this case and in CV 19-170-M-DLC are terminated and shall close the civil file by entering judgment in favor of the United States and against West.

DATED this 25th day of August, 2020.

Dana L. Christensen, District Judge
United States District Court